| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| SUCESIÓN DE DON LUIS D. SILVA-MONGE, COMPUESTA POR LUIS D. SILVA Y ABRAHAM SILVA-RAMÍREZ REPRESENTADO POR LA TUTORA SRA. IVETTE GREGORY POR CONDUCTO DE SU HEREDERO Y CO-PROPIETARIO, DR. SAMUEL D. SILVA-RAMÍREZ<br><br>Demandante-Apelante<br><br>Vs.<br><br>POPULAR SECURITIES, LLC<br><br>Demandada-Apelado | KLCE202500449 | CERTIORARI acogido como APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br><br>SJ2025CV03356<br><br>SALA. 905<br><br>Sobre:<br><br>INJUNCTION PRELIMINAR Y PERMANENTE |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece la parte apelante, el doctor Samuel D. Silva Ramírez y solicita la revocación de la sentencia del caso. Por vía del dictamen apelado, el foro de primera instancia desestimó la demanda de entredicho provisional y permanente presentada por el apelante. Acogemos el recurso como una apelación, pero para propósitos de economía procesal conservamos la designación alfanumérica provista por la Secretaria del Tribunal.

Por los fundamentos expuestos, *confirmamos* la sentencia apelada.

**-I-**

El 21 de abril de 2025 la parte apelante presentó una demanda donde solicitó un entredicho provisional y permanente en

contra de la parte apelada, Popular Securities, LLC. El motivo para la solicitud queda resumido en una supuesta desobediencia de la parte apelada con cierta orden emitida por el foro primario en el caso KAC 2017-0163. La orden fue emitida durante el mes de septiembre del 2024, y ordenó a la parte apelada a producir ciertos estados financieros relacionados a una cuenta de inversión que forma parte del caudal relicto en proceso de liquidación y división en el caso KAC 2017-0163. Conforme a la alegación número tres, la parte apelada "ha incumplido de manera reiterada" la orden "mostrando un patrón de menosprecio al proceso judicial y a su deber fiduciario de transparencia".

El foro de primera instancia examinó las alegaciones vertidas en la demanda, y desestimó la causa. El tribunal explicó que:

> [E]xisten remedios adecuados en ley para que el Demandante ventile cualesquiera reclamaciones que pueda tener contra la parte demandada y reivindique los derechos que pueda tener, si alguno. Pues, en la medida en que la parte demandante ha admitido que ya obtuvo el remedio solicitado en esta acción en el otro caso KAC 2017-0163; entiéndase, --la Orden emitida en septiembre de 2024 a Popular Securities Inc. para la entrega de la información relativa a la cuenta de inversiones antes mencionada--, la parte demandante tiene a su disposición los mecanismos dispuestos en las Reglas de Procedimiento Civil para obligar a la parte demandada a cumplir con la orden judicial.

> Resulta imprescindible destacar que la procedencia del recurso extraordinario del injunction se justifica —precisamente— cuando la parte que lo solicita está desprovista de un remedio adecuado en ley para ventilar sus reclamaciones. Solo entonces procede recurrir a las consideraciones provenientes de la equidad subyacentes a los principios doctrinales y necesidades históricas que forjaron las características del recurso extraordinario de injunction en el derecho puertorriqueño.

La parte apelante solicitó reconsideración, pero el tribunal denegó la petición. Inconforme, la parte apelante comparece ante esta curia, y apunta los siguientes errores:

> El tribunal erró al resolver de forma sumaria la solicitud de interdicto, sin permitir la celebración de una vista evidenciaria donde las partes pudieran exponer prueba testimonial o documental, contraviniendo lo dispuesto por la jurisprudencia aplicable.

> La sentencia impugnada omite aplicar los criterios establecidos para evaluar una solicitud de injunction, como son; (a) la probabilidad sustancial de prevalecer en los

méritos, (b) la existencia de daño irreparable, (c) la ausencia de remedio adecuado en derecho, (d) el balance de intereses y (e) la política pública aplicable.

Al rechazar sin justa causa la moción del peticionario, y sin exigir contestación a la parte recurrida, el foro inferior impidió el acceso efectivo a mecanismos judiciales para dirimir una controversia patrimonial sustantiva, afectando derechos fundamentales bajo la Carta de Derechos.

La negativa persistente de Popular Securities a entregar documentos esenciales sobre el caudal relicto constituye una violación a su deber fiduciario, lo cual amerita una intervención judicial protectora en beneficio de los herederos, particularmente de aquel con discapacidad intelectual.

El Tribunal ignoró que la parte recurrida incumplió múltiples órdenes previas del foro primario para la entrega de documentación, conducta que debió dar lugar a sanciones procesales y no a una desestimación que premia la desobediencia.

El foro primario omitió considerar que uno de los herederos, Abraham Silva Ramírez, tiene discapacidad intelectual y está representado legalmente, lo cual impone un deber reforzado de protección judicial, conforme al principio de interés superior de personas vulnerables.

La reiterada negativa de la parte recurrida a entregar los documentos debió activar la presunción adversa establecida en la Regla 304.5 de Procedimiento Civil, permitiendo inferencias negativas en su contra, particularmente ante la posibilidad de alteración u ocultación de evidencia relevante.

Prescindiendo de trámites ulteriores según autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), procedemos a resolver conforme al derecho aplicable.

*-II-*

El recurso extraordinario de *injunction* está reglamentado por la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 57, y por los Artículos 675 al 687 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3521-3533. En términos generales, va dirigido a prohibir u ordenar la ejecución de algún acto determinado, con el fin de evitar perjuicios inminentes o daños irreparables. El tribunal solo puede expedir un *injunction* cuando no existe otro remedio adecuado en el curso ordinario de la ley. *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 679 (1999).

El *injunction* preliminar es emitido en cualquier momento antes del juicio en su fondo, luego de una vista para discutir los méritos de tal solicitud. *Next Step Medical Co., Inc v. Bromedicon, Inc. y otros*, 190 DPR 474, 486 (2014); *VDE Corporation v. F & R Contractors*, 180 DPR 21, 41 (2010). La concesión de un *injunction* preliminar dentro de una petición de *injunction* permanente no tiene otro propósito que mantener el *status quo* hasta el juicio en sus méritos. Esto con el propósito de evitar la conversión de la sentencia en académica o para evitar daños de mayor consideración al peticionario mientras perdura el litigio. *Véanse, Rullán v. Fas Alzamora*, 166 DPR 742, 764 (2006); *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 681 (1997).

Los criterios al decidir la procedencia del *injunction* preliminar son: (1) la naturaleza de los daños que puedan ocasionársele a las partes de concederse o denegarse el *injunction*; (2) un daño irreparable o la existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; (4) la probabilidad de que la causa se torne académica de no concederse el *injunction*; (5) el posible impacto sobre el interés público del remedio que se solicita; y (6) la diligencia y la buena fe con que ha obrado la parte peticionaria. Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.3.

Antes de expedir el *injunction*, ya sea preliminar o permanente, el tribunal debe considerar la existencia de algún otro remedio eficaz, completo y adecuado en ley. De existir, entonces no se considerará el daño como irreparable. *Misión Ind. P.R. v. J.P. y A.A.A.*, *supra*, pág. 681. El daño irreparable que justifica un *injunction*, no puede ser satisfecho mediante algún remedio legal disponible, o ser debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito. *Íd.* La

autorización de un *injunction* descansa en el ejercicio de la sana discreción judicial al ponderar las necesidades e intereses de las partes involucradas en la controversia. *Mun. de Ponce v. Gobernador*, 136 DPR 776, 790-791 (1994).

### *-III-*

En el caso de autos, la parte apelante solicitó al tribunal una orden de entredicho para la producción de cierto descubrimiento de prueba aún latente en otro caso del cual también es parte. Según adujo, la parte apelada supuestamente rehúsa cumplir con una orden de producción de documentos emitida por el foro primario en el caso de liquidación y división del caudal relicto dejado por el padre de la parte apelante. Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio". *Rivera Durán v. Banco Popular de P.R.*, 152 DPR 140, 151-152 (2000).

Para zanjar controversias en torno al descubrimiento de prueba, las Reglas de Procedimiento Civil disponen lo siguiente: "cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos". Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1. De este modo, se elude la posibilidad de que cualquiera de las partes abuse de la utilización de los mecanismos del descubrimiento de prueba. *Lluch v. España Service Sta.*, 117 DPR 729, 742-743 (1986).

Al atender un recurso apelativo sobre una decisión del foro primario que deniega un *injunction* preliminar, el tribunal revisor utiliza el criterio de abuso de discreción. La concesión de una "orden de *injunction, injunction* preliminar o entredicho provisional descansa en la sana discreción del tribunal, por lo que la decisión concediendo o denegando la orden no será revocada en apelación a menos que se demuestre que dicho foro abusó de su facultad discrecional". *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 680 (1999).

El tribunal apelado no abusó de su discreción al concluir la improcedencia del remedio solicitado por la parte apelante. La parte apelante incumplió con demostrar que sufriría un daño irreparable. 11a Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2ᵈ, sec. 2948.1 (1995). Igualmente, incumplió con establecer la ausencia de un remedio adecuado para la queja que presenta. Regla 57.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 57.3 (b). En consecuencia, no consideramos que la sentencia apelada sea contraria a derecho.

### *-IV-*

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *confirmamos* la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones